## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

# FILED

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | AUG 0 4 2005 |
| Plaintiff, | ) ) | Phil Lombardi, Clerk U.S. DISTRICT COURT |
| vs. | ) ) | |
| LAURA LOGAN | ) ) | |
| and | ) ) | **05CV0 44 8 TCK- FHM** |
| DANIEL LOGAN | ) ) | Civil Action No. _____ |
| and | ) ) | |
| BILL LOGAN | ) ) | |
| and | ) ) | |
| BONNIE SCHINDLER, | ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife") files this Complaint for Interpleader and alleges and states as follows:

1.    MetLife is an insurance company organized under the laws of the State of New York, duly authorized to conduct the business of insurance in the State of Oklahoma.

2.    On information and belief, Defendant Laura Logan is an individual citizen who resides in Paoli, Oklahoma.

3.    On information and belief, Defendant Daniel Logan is an individual citizen who resides in Tacoma, Washington.



4.    On information and belief, Defendant Bill Logan is an individual citizen who resides in Wayne, Oklahoma.

5.    On information and belief, Defendant Bonnie Schindler is an individual citizen who resides in Paoli, Oklahoma.

6.    The amount of the insurance proceeds that are the subject of this suit total $84,000, plus applicable interest.

7.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1335. The controversy involved is a federal question because the life insurance policy at issue is part of an employee welfare benefit plan governed by and subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Section 1001, *et. seq.*, and there exists complete diversity between the adverse claimants to the life insurance proceeds and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000. This is a statutory interpleader action to deposit life insurance proceeds into the registry of court and obtain a declaration of the party or parties entitled to receive those proceeds. Venue is proper under 29 U.S.C. § 1132(e)(2).

8.    MetLife seeks to interplead the insurance proceeds into Court under 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure.

## FACTS

9.    On May 5, 1981, Donald Logan (the "Insured") was hired by Mobil Oil Corporation.

10.    The insured, as a Mobil employee, was a participant in the Mobil Oil Life Insurance Program (the "Plan"), which is regulated by ERISA. The decedent had basic coverage benefits under the Plan in the amount of $84,000.

{521447;}

11.     On July 19, 2004, the Insured died. (Exhibit "A").

12.     On or about August 7, 2004, MetLife received a Claim Statement from Defendant Laura Logan seeking the Plan benefits. (Exhibit "B").

13.     Defendant Laura Logan was the wife of the Insured at the time of his death, and bases her claim on a Beneficiary Designation Form dated January 1, 1987, signed by the Insured. (Exhibit "C").

14.     On or about October 26, 2004, MetLife received a telephone call advising that Defendant Bonnie Schindler, the Insured's mother and Defendants Bill Logan and Daniel Logan, the Insured's brothers, also intended to claim the Plan benefits.

15.     Defendants Bonnie Schindler, Daniel Logan, and Bill Logan base their claims upon a Beneficiary Designation Form dated November 22, 2003, which named Daniel Logan as a primary beneficiary with a 50% share in the proceeds, and Bonnie Schindler and Bill Logan as primary beneficiaries with a 25% share each in the proceeds. (Exhibit "D").

16.     The November 22, 2003 Beneficiary Designation Form was filled out and completed by Defendant Bonnie Schindler, pursuant to a Power of Attorney document dated August 17, 2000, signed by the Insured. (Exhibit "E").

17.     The Insured had previously, on May 13, 1982, signed a Beneficiary Designation Form designating Bonnie (Logan) Schindler as a primary beneficiary of the Plan proceeds, and therefore, under Oklahoma law, she was not thereafter precluded from naming herself as a beneficiary. (Exhibit "F").

18.     Defendant Laura Logan claims that on April 27, 2003, the Insured revoked the Power of Attorney document pursuant to which Defendant Bonnie Schindler completed the Beneficiary Designation Form by a letter of revocation signed by the Insured (Exhibit "G").

{521447;}

19.    Defendants Bonnie Schindler, Bill Logan and Daniel Logan claim that the April 27, 2003 revocation of the Power of Attorney is invalid because the Insured was not mentally competent at the time he allegedly signed it. They further allege the revocation of the Power of Attorney is invalid because Schindler did not receive notice of it pursuant to Oklahoma Statute. (Exhibits "H" and "I").

20.    Legal and factual issues which prevent MetLife from determining who is the proper beneficiary or beneficiaries to pay the Plan benefits include: (1) whether the Insured was mentally competent at the time he signed the April 27, 2003 letter revoking the Power of Attorney dated August 17, 2000, (2) whether the letter revoking the Power of Attorney was invalid due to a failure to give Defendant Bonnie Schindler notification, and (3) if the Power of Attorney was valid, whether ERISA preempts Oklahoma law regarding the powers of attorneys-in-fact to change and designate beneficiaries of ERISA plans. MetLife has so advised the Defendants of these legal and factual issues which prevent it from making a determination. (Exhibit "J" and "K").

21.    Because of the adverse claims asserted to the Plan benefits, and the fact that MetLife cannot reasonably determine which of the Defendants may be entitled to the proceeds, MetLife seeks to interplead the proceeds into the registry of Court to abide the Court's determination as to which of the claimants may be entitled to the proceeds. The proceeds total $84,000, plus applicable interest. In the event that the Defendants identified herein are not interpleaded, and required to set up their respective claims to the proceeds, MetLife may be subject to multiple claims and vexatious litigation and possible double or multiple liability with respect to the proceeds.

{521447;}

22.    MetLife further requests, upon tendering the proceeds into Court, an Order discharging MetLife from any other or further liability with respect to the proceeds, and an injunction precluding any of the parties identified herein from taking any action inconsistent with this Court's determination or further pursuing claims against MetLife with respect to the proceeds.  MetLife further seeks an order granting MetLife its reasonable attorney's fees and costs from the benefits at issue.

**WHEREFORE,** MetLife prays judgment as follows:  (1) that an actual controversy exists which lies within the Court's jurisdiction; (2) that this Court determine the entitlement, if any, of Defendants, and each of them, to the insurance proceeds at issue; (3) that Defendants be restrained from bringing or prosecuting any action against MetLife relating to the above-described insurance proceeds; (5) that Defendants be required to plead herein and set up their respective claims, if any, to the insurance proceeds; (6) that MetLife has no further liability beyond its admitted liability of $84,000, plus applicable interest; (7) that MetLife be granted its reasonable attorney's fees and costs; and (8) that MetLife be granted such other relief as this Court deems just and proper.

Respectfully submitted,

Renée DeMoss, OBA No. 10779
Tyson D. Schwerdtfeger, OBA No. 19566
GABLE & GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
918-595-4800
918-595-4990 (Fax)

**Attorneys for Plaintiff Metropolitan
Life Insurance Company**

5

**CERTIFICATE OF DEATH**

STATE OF OKLAHOMA

LOCAL FILE NUMBER: 04-09    STATE FILE NUMBER

| 1. DECEDENT'S LEGAL NAME (First, Middle, Last, Suffix) | 2. SEX | 3. SOCIAL SECURITY NUMBER | 4. EVER IN US ARMED FORCES? |
|---|---|---|---|
| onald Ray Logan | Male | 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 | ☐ Yes  ☑ No |

| 5a. AGE-Last Birthday (Years) | 5b. UNDER 1 YEAR | 5c. UNDER 1 DAY | 6. DATE OF DEATH | 7. BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|
| 52 | Months Days | Hours Minutes | 01/03/1952 | Wynnewood, Oklahoma |

| 8a. RESIDENCE-State | 8b. RESIDENCE-County | 8c. RESIDENCE-City or Town | 8d. RESIDENCE-Zip Code | 8e. RESIDENCE-Inside City Limits? |
|---|---|---|---|---|
| Oklahoma | Garvin | Paoli | 73074 | ☑ Yes  ☐ No |

8f. RESIDENCE-Street and Number: PO Box 187    8g. RESIDENCE-Apartment Number

9. MARITAL STATUS AT TIME OF DEATH: ☑ Married  ☐ Never Married  ☐ Widowed  ☐ Divorced  ☐ Married, but separated  ☐ Unknown

10. SURVIVING SPOUSE'S NAME (If wife, give name prior to first marriage): Laura Logan Fluitt

11. FATHER'S NAME (First, Middle, Last, Suffix): Marlin Ray Logan

12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE (First, Middle, Last): Bonnie James

13. DECEDENT OF HISPANIC ORIGIN? (Check the box that best describes whether the decedent is Spanish/Hispanic/Latino. Check the 'No' box if the decedent is not Spanish/Hispanic/Latino)
☑ No, not Spanish/Hispanic/Latino
☐ Yes, Mexican, Mexican American, Chicano
☐ Yes, Puerto Rican
☐ Yes, Cuban
☐ Yes, other Spanish/Hispanic/Latino
(specify)

14. DECEDENT'S RACE (Check one or more races to indicate what the decedent considered himself or herself to be)
☑ White
☐ Black or African American
☐ American Indian or Alaska Native (Name of the enrolled or principal tribe)
☐ Asian Indian
☐ Chinese
☐ Filipino
☐ Japanese
☐ Korean
☐ Vietnamese
☐ Other Asian (Specify)
☐ Pacific Islander (Specify)
☐ Other (Specify)

15. DECEDENT'S EDUCATION (Check the box that best describes the highest degree or level of school completed at the time of death)
☐ 8th grade or less
☐ 9th-12th grade, no diploma
☐ High school graduate or GED completed
☐ Some college credit but no degree
☐ Associate degree (e.g. AA, AS)
☑ Bachelor's degree (e.g. BA, AB, BS)
☐ Master's degree (e.g. MEd, MA, MS, MEng, MSW, MBA)
☐ Doctorate (e.g. PhD, EdD) or Professional degree (e.g. MD, JD)

| 16. DECEDENT'S USUAL OCCUPATION (Indicate type of work done during most of working life, DO NOT USE RETIRED) | 17. KIND OF BUSINESS/INDUSTRY |
|---|---|
| Chief Operating Mechanic | Mobil Oil |

14a. INFORMANT'S NAME: Laura Logan    18. RELATIONSHIP TO DECEDENT: Wife    18a. MAILING ADDRESS (Street and Number, City, State, Zip Code): PO Box 187 Paoli Ok 73074

19. METHOD OF DISPOSITION: ☑ Burial  ☐ Cremation  ☐ Donation  ☐ Entombment  ☐ Removal from State  ☐ Other (Specify)

20. PLACE OF DISPOSITION (Name of cemetery, crematory, other place): Paoli Cemetery    21. LOCATION-City, Town and State: Paoli, Ok

22. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY: Stufflebean-Coffey Funeral Home  500 North Willow  Pauls Valley Ok 73075

23. SIGNATURE OF FUNERAL HOME DIRECTOR OR FAMILY MEMBER ACTING AS SUCH: 1867

24. FH ESTABLISHMENT LICENSE #: 1219

25. PLACE OF DEATH (Check only one, see instructions)

IF DEATH OCCURRED IN A HOSPITAL: ☐ Inpatient  ☑ Emergency Room/Outpatient  ☐ Dead on Arrival

IF DEATH OCCURRED OTHER THAN IN A HOSPITAL: ☐ Hospice Facility  ☐ Nursing Home/Long-term care facility  ☐ Decedent's Home  ☐ Other (specify)

26. FACILITY NAME (If not institution, give street and number): Purcell Municipal Hospital    27. CITY OR TOWN, STATE AND ZIP CODE OF LOCATION OF DEATH: Purcell Ok 73080    28. COUNTY OF DEATH: McClain

| 29. DATE OF DEATH | 30. TIME OF DEATH | 31. WAS MEDICAL EXAMINER CONTACTED? | 32. WAS AN AUTOPSY PERFORMED? | 33. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? |
|---|---|---|---|---|
| 07/19/2004 | 6.15 AM | ☑ Yes ☐ No | ☐ Yes ☑ No | ☐ Yes ☐ No |

34. PART I. Enter the chain of events—diseases, injuries or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary.

IMMEDIATE CAUSE (Final disease or condition resulting in death): Pulmonary Embolus

Due to (or as a consequence of): DVT

Sequentially list conditions, if any, leading to the cause listed on line a. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST.

Approximate interval: Onset to death

35. PART II. Enter other significant conditions contributing to death but not resulting in the underlying cause given in PART I.

36. MANNER OF DEATH: ☑ Natural  ☐ Homicide  ☐ Accident  ☐ Suicide  ☐ Pending investigation  ☐ Could not be determined

37. IF FEMALE: ☐ Not pregnant within past year  ☐ Pregnant at time of death  ☐ Not pregnant, but pregnant within 42 days of death  ☐ Not pregnant, but pregnant 43 days to 1 year before death  ☐ Unknown if pregnant within the past year

38. DID TOBACCO USE CONTRIBUTE TO DEATH? ☐ Yes  ☐ No

| 39. DATE OF INJURY | 40. TIME OF INJURY | 41. PLACE OF INJURY (e.g. Decedent's home; construction site; wooded area) | 42. DESCRIBE HOW INJURY OCCURRED | 43. INJURY AT WORK? ☐ Yes ☐ No |
|---|---|---|---|---|

44. LOCATION OF INJURY: State    City or Town    Street and Number    Apartment Number

45. IF TRANSPORTATION INJURY, SPECIFY: ☐ Driver/Operator  ☐ Passenger  ☐ Pedestrian  ☐ Other (specify)

46. CERTIFIER (Check only one): ☑ Physician (In charge of the patient's care)  ☐ Physician (In attendance at time of death only)  ☐ Medical Examiner
To the best of my knowledge, death occurred at the time, date and place, and due to the cause(s) and manner as stated. / On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner as stated.

47. NAME, ADDRESS AND ZIP CODE OF PERSON COMPLETING CAUSE OF DEATH (Item 34): Jill Watson, M. D. , 1401 N. 4th - Suite 100 Purcell OK 73080

Signature of Certifier    48. LICENSE NUMBER: 20863    49. DATE CERTIFIED: 7-29-2004

50. REGISTRAR (SIGNATURE)    51. DATE RECEIVED BY LOCAL REGISTRAR: 8/6/04    52. DATE RECEIVED BY STATE REGISTRAR

2004 REVISION    VS-154 (1-04)

To be completed by the Funeral Director. THIS IS A PERMANENT RECORD.
Type or print with black, permanent ink.
To be completed by the Attending Physician or Medical Examiner. Refer to the Attending Physician — Do not speculate the death occurred from a natural disease process (unnatural, accidental or traumatic).

---

STATE OF OKLAHOMA    )
                     ) SS
COUNTY OF McCLAIN    )

I, LYNDA BAKER, COURT CLERK WITHIN AND FOR THE STATE AND COUNTY AFORESAID, DO HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A FULL, TRUE, CORRECT, AND COMPLETE COPY OF A CERTIFICATE OF DEATH RECEIVED BY ME TO BE MAILED TO THE STATE DEPARTMENT OF HEALTH, FOR PERMANENT FILING IN OKLAHOMA CITY, OKLAHOMA. WITNESS MY HAND AND OFFICIAL SEAL THIS 6 DAY OF AUGUST 2004.

LYNDA BAKER
McCLAIN COUNTY COURT CLERK

**EXHIBIT A**

CERTIFIED MAIL

**Mobil Oil Corporation**
**CLAIM STATEMENT**
Obtain a separate claim form for each beneficiary    *447-54*

Beneficiary's Claim Statement                    DECEDENT'S SSN: ___-___-9490
In order to process your claim as quickly as possible we need some information about you and about the insured.
Each beneficiary must submit his or her own claim statement.

**A. Information about the beneficiary**
1. Your Name (Please print or type)    *Laura*        *Mae*        *Logan*
                                        First        Middle        Last
2. Your Social Security No.    *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*    ☐ The Internal Revenue Service (IRS) has notified me that I
                                                    am subject to backup withholding as a result of a failure to
                                                    Report all interest or dividends, or

                                                ☑ I am not subject (or no longer subject to backup withholding.

The IRS does not require your consent to any provision of this document other than the certifications to avoid backup
withholding.

3. Your Date of Birth    *08/19/58*        Your Sex    ☐ Male    ☑ Female

4. Your Phone Number (in case we need to contact you)    Day    (*405*) *238-6461*    Evening    (*405*) *383-2319*
                                                            Area Code                            Area Code
5. Your Address    *P O Box 264*
                    Street Number            Street Name            (Apt. #, if any)
        *Paoli*                    *OK*                *73074*
        City                    State                Zip

6. Your relationship to the insured; You are the: ☑ Husband or Wife    ☐ Child    ☐ Other _____
                                                                                    Explain

**B. Information about the insured employee or retiree**
1. His/Her Name    *Donald*            *R.*            *Logan*
                    First            Middle Initial        Last
2. His/Her Residence    *P O Box 264*
                        Street Number            Street Name
        *Paoli*                    *OK*                *73074*
        City                    State                Zip

3. His/Her Marital Status  ☐ Single  ☑ Married  ☐ Widow/Widower  ☐ Separated  ☐ Divorced    *MetLife*
4. His/Her Date of Birth    *01*    *03*    *1952*                                            *AUG 2 3 2004*
                            Mo.    Day    Year                                                *GLI-U-3*
5. We need an Original certified death certificate.  Is an Original attached?    ☐ Yes    ☑ No
If not, state why *Certified death certificate previously requested prior to receipt of this package*
*and has already been mailed to Mobil Benefits Service Center, Attention J. Anderson*
Payment of life insurance proceeds to the beneficiary(ies) cannot be made until an Original certified death certificate has been received by
Metropolitan Life Insurance Company.

The information I have given is, to the best of my knowledge, true and accurate.  I know it is a crime to fill out this form with facts I know
are false or to leave out facts I know are important.  I certify the information in section A, question 2 under penalty of perjury.

Date    *08/07/04*            Signature    *Laura Logan*
                                        (Beneficiary/Executor/Power of Attorney)

Please sign below as you would sign on checks.  If you are receiving a Total Control Account, this signature will be placed on file with
your Account.

*Laura Logan*

**EXHIBIT B**

Metropolitan Life                    AUG 1 3 2004

*730-98 061*

BENEFICIARY DESIGNATION

**Part I. PARTICIPANT DATA**

PRINT NAME
Logan, Donald R.
(LAST - FIRST - MIDDLE INITIAL)

Social Security No. 4 4 7 54 9149 00

Marital Status: ☐ Single ☒ Married

**Part III. PLANS AFFECTED** (Initial only line A or B as applicable. If you initial line B, you must also initial the line of the Plan or Plans below, which applies.) I hereby revoke any and all previous designations of primary beneficiary(ies) and contingent beneficiary(ies) applicable to the Plan(s) I have indicated in A or B below and designate the beneficiary(ies) named in Part IV or my trust designated in Part V.

A. _____ As of the Mobil Oil Corporation Employee Benefit Plans for which I am eligible or for which I become eligible.

B. _____ Only those Mobil Oil Corporation Employee Benefit Plans I have initialed below.

| Initial | Plan | Initial | Plan |
|---|---|---|---|
| | Basic Life Insurance (formerly Plan #1) (Group Contract 23260-G) | | Retirement Plan |
| | Prior Basic Life Insurance (formerly Group Life Insurance Plan) (Group Contract 23165-G) | | Employee Savings Plan, if and when applicable. (See Consent of Spouse below.) |
| | Group Universal Life Insurance (Group Contract 27966-G and 27322-G) | | Employee Stock Ownership Plan, if and when applicable. (See Consent of Spouse below.) |
| | Accidental Death and Dismemberment Insurance (Group Contract 27965-G) | | Other (Specify) |
| | 20 Year Life Insurance (Group Contract 23186-G) | | |

**Part IV. BENEFICIARY DESIGNATION—INDIVIDUAL, INSTITUTIONS OR ESTATE** (DE-ENDS ☐ PD010 ☐ AN010 ☐ AO010) for accordance with the provisions of those Mobil Oil Corporation Employee Benefit Plans I have indicated in Part III above, I hereby designate as beneficiary(ies) under said Plan(s), in the event of my death.

| Primary—Name (First—M.I.—Last) | Relationship | Date of Birth | Percent |
|---|---|---|---|
| Laura N. Logan | Spouse | 08-19-58 | 100% |
| | | | |
| | | | |

| Contingent—Name (First—M.I.—Last) | Relationship | Date of Birth | Percent |
|---|---|---|---|
| Charity M. Logan | Dtr. | 02-14-78 | 50% |
| Rachael R. Logan | Dtr. | 07-17-84 | 50% |
| | | | |

**Part V. TRUST DESIGNATION** ☐ BN010 ☐ PD010 ☐ AN010 ☐ AO010

Upon receipt of the proceeds the Trustee beneficiary is solely responsible for their disposition. However, should the Trust fail, or no trust be created, or the trustee(s) (2) fail to be appointed or to qualify to receive payment for any reason then the portion of the proceeds otherwise payable to the Trustee shall be paid to my Executors or Administrators.

**Part VI. CONSENT OF SPOUSE** (To be completed only if spouse is NOT designated a 100% primary beneficiary under the Employee Savings Plan and/or the Employee Stock Ownership Plan)
I hereby consent to the making of the foregoing election by my spouse.

Witness _____ Date _____ 19 _____ Spouse's Signature _____

_____ Notary Public

**Part VII. EFFECTIVE DATE AND SIGNATURE**
Any payment made in good faith to the legal representative of my estate shall be full discharge of the liability under the Plan(s) initialed in Part III above. All decisions upon questions of fact which are made in good faith in determining any instalment payments which are based on proof of individual or other written evidence shall be conclusive. I reserve the right to change the primary beneficiary or beneficiaries and/or contingent beneficiary or beneficiaries without their consent. This beneficiary designation revokes and supersedes any prior beneficiary designation under the Plan(s) initialed in Part III.

Date 01-01-87
Room No. _____
Employee's Signature _____
Address P.O. Box 261
Eoll, OK 73074

3500005543 (0187)

MetLife
AUG 2 3 2004
GLI-U-3

EXHIBIT
C

6396080816 73    0401  90436   28

Metropolitan Life Insurance Company

**MetLife**

## BENEFICIARY DESIGNATION

Please read instructions on next page before completing this form. Do not erase or attempt to make corrections; use a new form.

Name of Employer _Mobil Oil CORPROATION_

Group Policy No. _3 9 0 1 7_    Insured's Social Security No. _447 - 54 - 9490_

In accordance with the conditions of the Group Policy listed above, I hereby revoke any previous designations of primary beneficiary(ies) and contingent beneficiary(ies) (if any) and designate as primary beneficiary(ies) and contingent beneficiary(ies) (if any) in the event of the insured's death, the following:

### Primary Beneficiary Designation

| Full Name (Last, First, Middle Initial) | Relationship | Date of Birth | Address (Street, City, State, Zip) | Share % |
|---|---|---|---|---|
| LOGAN DANIel M. | BROTHER | 12-19-54 | 5641 BJ H Tacoma, WA 98409 | 50% |
| BONNIe SchindleR S. | Mother | 6-19-35 | Po Box 187 PAdli, oK 73074 | 25% |
| LOGAN Bill r. | Brother | 9-13-56 | POBox 215 WAYNe, oK 73095 | 25% |

Payment will be made in equal shares or all to the survivor unless otherwise indicated.    **TOTAL:**    100%

In the event said primary beneficiary(ies) predecease(s) the insured, I designate as contingent beneficiary(ies)

### Contingent Beneficiary Designation

| Full Name (Last, First, Middle Initial) | Relationship | Date of Birth | Address (Street, City, State, Zip) | Share % |
|---|---|---|---|---|
| Kn i ght Beverly S. | SiSTER | 10-9-61 | PoBoy 59 PAdli, oK 73074 | 50% |
| LOGAN Phillip L. | Brother | 10-26-60 | Po Box 8 WAYNe, oK 73095 | 25% |
| LOGAN DAle H. | BROTHER | 10-5-53 | RT1Box 42 WYNneWood, oc 73098 | 25% |

Payment will be made in equal shares or all to the survivor unless otherwise indicated.    **TOTAL:**    100%

If no beneficiary or contingent beneficiary designated shall be living following the insured's death, the amount payable by reason of the insured's death shall be payable as provided in the Group Policy.

### Note: See Next Page for Important Information

☐ **Trust(ee) Designation** (applies only if a trust has been created in an executed trust agreement)

Name of Trustee(s) _____

Address _____ City _____ State _____ Zip Code _____

and successor(s) in trust, as Trustee(s) under _____
_____ (Title of Agreement)

Dated _____ executed by me and said Trustee(s).

MetLife shall not be responsible for the application or disposition of the proceeds by said Trustee(s), and the receipt of the proceeds by said Trustee(s) shall be full discharge of the liability of MetLife under the Group Policy.

If this form is executed by the insured, it is understood and agreed, however, that if MetLife receives proof satisfactory to it that the aforesaid trust has been revoked or is not in effect at the insured's death, the beneficiary shall be the insured's Estate, and payment to the estate's legal representative based on such proof shall be full discharge of liability of MetLife under the Group Policy or certificate.

If this form is executed by the current owner (who is not the insured), it is understood and agreed, however, that if MetLife receives proof satisfactory to it that the aforesaid trust has been revoked or is not in effect at the insured's death, the beneficiary shall be the current owner, if living at the insured's death, or the current owner's estate if the current owner is not living at the insured's death, and payment to the estate's legal representative based on such proof shall be full discharge of liability of MetLife under the Group Policy.

☐ **Trust(ee) (Under Will) Designation** (applies only if a trust has been set forth in your Will)

The trust(ee) under any last Will and Testament of mine as shall be admitted to probate.

If for any reason whatsoever, no Trust(ee) under any such last Will and Testament shall be duly appointed, I hereby designate My Estate as beneficiary and any payment made in good faith to the legal representative of my estate shall be full discharge of the liability of MetLife under the Group Policy.

**I reserve the right to change the designated beneficiary(ies) at any time without (his/her/their) consent.**

(Please Print)

_DONALD R LOGAN_
Name of Insured or Owner (if assigned)

_Po Box 187_
Street Address

_Bonnie (Logan) Schindler_
Signature of Insured or Owner (if assigned)

_405 - 484 - 7878 Cell 250 - 7272_
Daytime Phone No.

_PAdli_        _oK_    _73074_
City            State    Zip Code

_11 - 22 - 03_
Date Signed

**Submit Completed Form To Employer and Retain a Copy for Your Records**

G-BENE-DES

MetLife

AUG 10 2004    Records office (only)

GLI-U-3



EXHIBIT
D

ANLY LEGAL FORMS, Inc.
FORM NO. 435



575 PAGE 032

( 5243

# POWER OF ATTORNEY

Know All Men by These Presents:

That I, _____Donald Ray Logan_____

of _____Paoli_____ in the County of

__Garvin__ and State of ___Oklahoma___

have made, constituted and appointed, and by these presents do make, constitute and appoint

___Bonnie Sue (Logan) Schindler___

of _____Paoli, OK_____

my true and lawful attorney, for me, and in my name, place and stead, and to my use to

_____Banking and other financial institution transactions;_____

_____Personal Maintenance; Benefits from Social security,_____

_____Medicare:; Medicaid, or other government programs._____

_____Health and Medical Care decisions._____

_____

_____

giving my said attorney full power to do everything whatsoever requisite and necessary to be done in the premises, as fully as I could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that my said attorney, or his substitute shall lawfully do, or cause to be done, by virtue hereof.

In Witness Whereof, I have hereunto set my hand the ___17th___ day of

___August___, ___2000___.

EXHIBIT
E

_Donald Ray Logan_

### INDIVIDUAL ACKNOWLEDGMENT

BOOK 1575 PAGE 033

SEP 21 04

STATE OF ____Oklahoma_____ County of ___Garvin_____ , ss:

Before me the undersigned, a Notary Public, in and for said County and State, on this 17th day of August , 19XX , personally appeared ___Donald Ray Logan_____

to me known to be the identical person_____ who executed the within and foregoing instrument and acknowledged to me that __he____ executed the same as __his____ free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal the day and year last above written.

My commission expires___3-15-04_____     _Dara Townsend_____ Notary Public

---

## POWER OF ATTORNEY

FORM NO. 435
(ORDER BY NUMBER)

FROM

Donald Ray Logan

Paoli, OK 73074

TO

Bonnie Sue (Logan) Schindler

Paoli, OK 73074

STATE OF __Oklahoma_____
__Garvin_____ County } ss.

This instrument was filed for record on the _____ day of _____ 19__ at _____ o'clock _____ M, and recorded in Book _____ of _____ at page _____ Fee $ _____

By _____
        Deputy

County Clerk

RETURN TO

5242

# DURABLE POWER OF ATTORNEY WITH HEALTH CARE POWERS

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. FREE LEGAL INFORMATION REGARDING COMPLETION OF THIS FORM MAY BE OBTAINED BY CALLING RICHARD INGHAM, LEGAL SERVICES DEVELOPER, AGING SERVICES DIVISION OF THE DEPARTMENT OF HUMAN SERVICES, (405)522-3069. THIS DOCUMENT AUTHORIZES YOUR AGENT TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I __Donald Ray Logan/Paoli, OK__ (insert your name and address) appoint __Bonnie Sue (Logan) Schindler__ (insert the name and address of the person appointed) as my agent (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects. If my agent is unable or unwilling to serve, I appoint __Bill Logan/Paoli, OK__ (insert name and address) as my alternate agent with the same authority.

TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.
TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.
TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT.
YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

INITIAL

| | | |
|---|---|---|
| _____ | (A) | Real property transactions. |
| _____ | (B) | Tangible personal property transactions. |
| _____ | (C) | Stock and bond transactions. |
| _____ | (D) | Commodity and option transactions. |
| _____ | (E) | Banking and other financial institution transactions. |
| _____ | (F) | Business operating transactions. |
| _____ | (G) | Insurance and annuity transactions. |
| _____ | (H) | Estate, trust, and other beneficiary transactions. |
| _____ | (I) | Claims and litigation. |
| _____ | (J) | Personal and family maintenance. |
| _____ | (K) | Benefits from Social Security, Medicare, Medicaid, or other governmental programs, or military service. |
| _____ | (L) | Retirement plan transactions. |
| _____ | (M) | Tax matters. |
| DRL | (N) | ALL OF THE POWERS LISTED ABOVE. |

YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

Bonnie Schindler
Box 207    4

STATE OF OKLAHOMA | SS
GARVIN COUNTY |

AUG 1 8 2000

:40   P
Bk 1575  Pg 29
LINDA COTTRELL, County Clerk
Janet Baker   Deputy

BOOK 1575 PAGE 050

MY AGENT'S POWERS ARE EXTENDED TO INCLUDE THE FOLLOWING HEALTH CARE POWERS.

TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (e)
    AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.
TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS,
    INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.
TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT.
    YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

1. If I am unable to decide or speak for myself, my agent has the power to:
INITIAL

_____ a. Make health and medical care decisions for me, including serving as my
representative under the Oklahoma Do-Not-Resuscitate Act, but excluding
signing an advance directive, making decisions reserved to a health care
proxy under an advance directive, or other life-sustaining treatment decisions.

_____ b. Choose my health care providers.

_____ c. Choose where I live and receive care and support when those choices relate to
my health care needs.

_____ d. Review my medical records and have the same rights that I would have to
give my medical records to other people.

_(initialed)_ e. All of the powers listed above. You need not initial any other lines if you
initial line e.

2. It is my intention that my agent's acts on my behalf are to be honored by my family members
and health care providers as an expression of my legal right to manage my health care. The
directions and decisions of my agent are superior to and shall take precedence over any
decision made by any member of my family. To the extent appropriate, my agent may discuss
health care decisions with my family and others to the extent they are available.

3. To guide my agent in making health care and medical decisions for me, these are my beliefs
and values about my health care:

NOTE: This section, while very helpful to your agent, is optional and choices
    may be left blank.

a. My goals for my health care :

_____

_____

b. My fears about my health care:

_____

_____

c. My spiritual or religious beliefs and traditions:

_____

_____

d. My thoughts about how my medical condition might affect my family:

_____

_____

2

BOOK 1575 PAGE 031

e.  My thoughts about living and receiving health care at home versus in a nursing home or other institution:

_____

_____

Special Instructions: On the following lines you may give special instructions limiting or extending any of the powers granted to your agent above.

_____

_____

_____

_____

_____

(Attach additional pages if needed.)

PLEASE INITIAL ONE STATEMENT BELOW REGARDING THE EFFECTIVE DATE OF THIS POWER OF ATTORNEY.

INITIAL

_____    This power of attorney is effective immediately and shall continue until it is revoked.

_____    This power of attorney shall be effective when my attending physician determines that I am no longer able to manage my person or my property. This determination shall be provided in writing and attached to this form.

THIS POWER OF ATTORNEY SHALL NOT BE AFFECTED BY SUBSEQUENT DISABILITY OR INCAPACITY OF THE PRINCIPAL, OR BY LAPSE OF TIME.

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party learns of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this __17th__ day of ___August___ _____

_____
(Your signature)

_____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_____
(Your Social Security Number)

State of __Oklahoma__
County of __Garvin__

This document was acknowledged before me on __August 17th 2000__ (Date) by __Donald Ray Logan__ (Name of Principal).

_____
(Signature of Notarial Officer)

(Seal, if any)

_____
(Tile and Rank)

My Commission Expires: __3-15-04__

BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, THE AGENT ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

3

### INDIVIDUAL ACKNOWLEDGMENT

BOOK 1575 PAGE 0031-U

SEP 21 04

STATE OF ___Oklahoma___ County of ___Garvin___, ss:

Before me the undersigned, a Notary Public, in and for said County and State, on this 17th day of August 04, 19___

personally appeared ___Donald Ray Logan___

to me known to be the identical person ___ who executed the within and foregoing instrument and acknowledged to me that

___he___ executed the same as ___his___ free and voluntary act and deed for the uses and purposes therein set forth.

Given under my hand and seal the day and year last above written.

My commission expires ___3-15-04___      ___Dara Townsend___ Notary Public

---

## POWER OF ATTORNEY

FORM NO. 435
(ORDER BY NUMBER)

FROM

Donald Ray Logan

Paoli, OK 73074

TO

Bonnie Sue (Logan) Schindler

Paoli, OK 73074

STATE OF ___Oklahoma___
___Garvin___ County } ss.

This instrument was filed for record on the

___ day of ___ 19 ___

at ___ o'clock ___ M., and recorded

in Book ___ of ___

at page ___      Fee $ ___

By ___

County Clerk.

___ Deputy.

RETURN TO

**BENEFICIARY DESIGNATION**

**PART I. PLAN(S) AFFECTED**

**PART II. BENEFICIARY DESIGNATION**

| NAME (SHOW GIVEN NAME) | RELATION | | ADDRESS | |
|---|---|---|---|---|
| Marlin R Logan | Father | | | |
| Bonnie Sue Logan | Mother | | | |
| Bill Logan | | | | |
| Phillip (Logan) | | | | |

**PART III. EFFECTIVE DATE AND SIGNATURE**

**FOR OFFICE USE ONLY**



EXHIBIT
F

Mobil Benefits Center
P O Box 1569
Secaucus, New Jersey   07096-1569

RE: Revocation of Power of Attorney and clarification of wishes regarding benefits
    Donald Ray Logan
    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

Dear Sirs,
It has come to my attention that my mother, Bonnie Logan, now Schindler, has recently
presented your organization with a Power of Attorney over my affairs dated August
17,2000 and has requested certain changes in my Mobil benefits under the authority of
that Power of Attorney. This letter is to inform you that I had no prior knowledge that
these requests were being made and that these requests are not in keeping with my
personal wishes. I, Donald Ray Logan, therefore hereby revoke said Power of Attorney
given to Bonnie Logan, now Schindler dated August 17,2000. I would also like to
reverse any recent changes she may have requested in my behalf, including but not
limited to the change in my mailing address.

*METLIFE*
*SEP 2 0 2004*
*GLI-U-6*

In order to avoid any future confusion or misrepresentation related to my Mobil benefits I
would also like to clearly state my wishes and intent regarding the following issues:

1. It is my desire and intent that my mailing address remain unchanged from the
   previous address and continue to be P O Box 264, Paoli, OK, 73074. This is my
   longtime permanent mailing address. All correspondence related to my Mobil
   benefits should be sent to this address. This is also the address of my wife, Laura
   Logan.

2. I am hereby designating my wife, Laura Mae Logan, as my sole authorized
   representative to act in my behalf with respect to any and all correspondence or
   decisions regarding my Mobil benefits. Laura is my legal wife and next of kin
   and I have full confidence in her ability and willingness to act in accordance with
   my known wishes related to current and future benefits, including death benefits.
   Laura may be reached at: Laura Logan, P O Box 264, Paoli, OK, 73074. Her
   home phone number is (405) 484-7584. Her mobile phone number is (405) 207-
   7629.

3. Since there is some question/ possibility that changes may have been requested or
   made in the beneficiary of my life insurance benefits which are not in keeping
   with my stated plans and wishes I would like to clarify my wishes and intent
   regarding the designated beneficiary of my life insurance benefits at this time. In
   the event of my death my wife, Laura Mae Logan (SS# 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, DOB 08-
   19-1958) is to be the designated sole primary beneficiary of any and all benefits
   paid. In the event my wife Laura passes away before me then my daughters are to
   be designated as secondary beneficiaries in their mother's absence. My natural
   born daughter, Rachael Patricia Logan (SS# 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, DOB 07/17/84) and my
   adopted daughter, Charity Mae Logan, now Parker-Spearman (SS# 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,
   DOB 02/24/75) are designated to share equally as co-beneficiaries of any and all
   benefits paid. All of this is in keeping with my previously stated wishes.

**EXHIBIT**
**G**

As you are likely aware, my health and ability to act in my own behalf have been gradually failing for some time now. This is why it is of crucial importance to me to clarify my wishes and intent with respect to these issues with you at this time. I have asked my wife Laura to assist me in preparing this letter and sending it to you and have authorized her to do so because I fear that in the future others may continue to act contrary to my long stated and well known wishes if I fail to clarify them for you now. I assure you everything stated in this document is consistent with my past wishes and intent and is a clear and accurate reflection of my current and future wishes and intent. I cannot imagine a situation or circumstance that would cause me to alter my stated position on these identified issues. I implore you to please refrain from honoring any requested changes in my Mobil benefits that are different from or inconsistent with those I have stated in this letter and to reverse any changes that may have already been implemented at the request of Bonnie Logan, now Schindler under the authority of the Power of Attorney dated August 17,2000. I sign this document this date with full knowledge and clear understanding of the content of the document and the detailed requests made herein.

Sincerely,

*Donald Ray Logan*

Donald Ray Logan
P O Box 264
Paoli, OK 73074
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

METLIFE
SEP 2 0 2004
GU-U-6

Subscribed and sworn to before me: _April 27      2003_

My Commission Expires: _August 12    2004_

State of Oklahoma, County of Garvin

*Marilyn R. Webster 00011391*

Notary Public

Daniel Logan                                                    30 November 2004
5641 South I Street
Tacoma, WA. 98408

Bonnie Schindler
PO Box 187
Paoli, OK 73074

Bill Logan
PO Box 315
Wayne, OK 73095

EXON MOBILE
Attn: Administrator-Benefits
PO-Box-2283--
Houston, TX  77252-2283

**RE:  Insured: Donald R Logan**
      **Group:  Mobil-23185 & 27969**
      **Claim No.:  1692652**

Dear Administrator- Benefits

Reference the attached letter dated 9 November 2004; we wish to appeal the decision to
deny benefits. Oklahoma law, regarding revocation of power of attorney, indicates the
need for notification, of said revocation, to the attorney(s) in fact. The notification of
revocation, to the power of attorney, did not take place. Based on the lack of required
notification, Bonnie Schindler/Bill Logan remains as the decedent's attorney-in-fact. The
revocation that your letter alludes to, as dated April 23, 2003, is invalid. The power of
attorney form, the decedent completed on August 17, 2000, remained in effect until his
death.

Donald gave the power of attorney to his mother, Bonnie, and brother, Bill, prior to
becoming mentally incompetent from the effects of his brain tumor. Donald's decision
resulted from an incident he experienced with his estranged wife. As his health
deteriorated, due to his brain tumor, seizures were among some of the symptoms he
presented with. Donald's wife abandoned him as a result (he had a seizure at a ball game
they both attended). She, actually, threw him out of his own home because of the
embarrassment the he had caused her. Donald's wife refused to care for him or ensure
that his health needs were met. She refused to divorce him, as well. At that point in
time, Donald sought the assistance of the only individuals who had assisted him in the
past.

1



EXHIBIT

H

2

Your letter indicates that the power of attorney, by Bonnie Schindler, was revoked by Donald on April 23, 2003. The validity of that revocation is suspect, as Donald could not have been found to be mentally competent, at that time. He was not able to competently make decisions, in his best interest. Although Donald's wife no longer wanted him in the home or wanted to be involved with his care, she, intermittently, continued to attempt to manipulate him, to her benefit. Actions taken by Donald, under the direction of his wife, were not made while Donald was of sound mind. He would not have known whether his actions were appropriate or not. Donald knew the nature of his wife. That is why he chose to have his mother function as his attorney-in-fact on August 17, 2000. He knew that his brain tumor would, eventually, cause him to become mentally incompetent. Donald's mother continued to take care of his affairs, acting as his attorney-in-fact. She had no reason to believe that it had been revoked, as you state in your letter. She was never in receipt of notice that it had been revoked. She knew he was no longer mentally competent, as she had been providing care for him; and, making medical decisions for him, with the advise of the physicians and other medical care providers she, frequently, interacted with, on Donald's behalf. This would never have happened if she had known it to be revoked.

We are requesting that copies of all reports/records, relevant to this claim, be sent to us. This will ensure that appropriate legal options can be considered regarding this matter.

Respectfully,

Daniel M. Logan

Bennie Schindler
Po Box 187
Sasak, Ok 73074

Group Life Claims
PoBox 3016
Utica, NY 13504

Donald Logan (decedent)
Mobile Aid / 27969 ( 408)

Dear Thomas Presit, Senior approver

2 doubt very much that my son Donald Ray ever wrote any letter of reudication for my P.O.A. He had just been released from a Mental Hospital at Oklahoma city into a Mental ward at Whispering Pines, He had only been there about a Month when with "Laura help he wrote this letter".

My other sons and daughter, myself and husband were there very much to see about him. She was not!

When Donald Ray Went to work at Mobil in 81 there was no Laura Fluit, Parker, Logan. He met and married Laura in Dec of 83. Donald Ray had told me of his brothers he had named me and his sister Beverly for his sons. Laura was asked to take care of Donald Ray's Medical and business needs. She did not want any part of it or him except to come to the Nursing home very so often about every 4~ to weeks and dump all the bills she knew he couldn't pay for. When You have to have Medicare pay part of your nursing home stay you only get $50° a month to pay for your Personal Needs, So his family and 2 paid for all the extras like a Phone When he was able to talk on one. To my knowing Laura never so much as bought a coke or candy bar for him let alone clothes.

The Long time permanent address of Donald Ray was Changed to Wayne, Ok 73095, Po 887 by him as your records show, This 2 guess to keep Laura from getting his Mail

He moved in with me in early 99 on a threat of going to jail from Laura And lived with me till about 3 months before having to be admitted to nursing homes.

You May have Noticed in the letter Laura was only

MET-LIFE
MAY 0 9 2005
GLI-U-6

authorized to take care of his Money they template Not his Case.

Donald Ray had no adopted daughter. That was revoked and she was given back to her ~~Grandmother~~ Mothers parents

The physical 2 had to send to met-Life shower Donald Ray had a psychosis and had regressed till his death. You see why we doubt he could ever have had any part of this. If he had been sound of mind enough to do this he certainly wouldn't have let me continue putting my self liable in taking care of his needs as well as to the funeral

We were the only family he had to depend on. When Laura called CPS on me the man asked where she was, I told him I didn't know as we had all through his illness taken care of him

As to the proper form to fill out for change of beneficiary it is the one Met-Life faxed to me

Laura kept this all very quiet, because at his last hospital stay the Dor. asked her to bring any thing to show I had no right to make his last decisions she wouldn't bring any thing to their legal staff.

I thank you so much for your consideration

Bennie Schindler

**MetLife**

Metropolitan Life Insurance Company

Group Life Claims
P.O. Box 3016
Utica, NY 13504

November 9, 2004

Daniel Logan
5641 South I Street
Tacoma, WA 98408

Bonnie Schindler
P.O. Box 187
Paoli, OK 73074

Bill Logan
P.O. Box 315
Wayne, OK 73095

Re: **Insured: Donald R. Logan**
     **Group: Mobil – 23185 & 27969**
     **Claim No.: 1692652**

Dear Mr. Logan, Ms Schindler, Mr. Logan:

We have carefully considered your potential claims for the referenced benefit based on a designation form completed by the attorney-in-fact for the decedent. For the reasons described below, your claims for Basic Group Life Insurance Benefits and Group Universal Life Insurance Benefits under the Life Insurance Plans of Mobil Oil must be denied.

The Life Insurance Plans of Mobil Oil are regulated by the Employee Retirement Income Security Act of 1974, as amended ERISA, 29 U.S.C. §§ 1001-1461. ERISA defines "Beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). MetLife is required, as the claims fiduciary for the Plan, to issue benefits in accordance with ERISA and the documents controlling the Plan.

The Plan provides that life insurance benefits will be payable to the person the plan participant chooses to receive any benefits payable because of his death. The plan also provides that the plan participant may change the beneficiary by filing a new form with the employer.

Your claims are based on a beneficiary designation dated November 22, 2003, which was completed by Bonnie Schindler as the decedent's attorney-in-fact. The decedent completed the power of attorney form on August 17, 2000.



EXHIBIT
J

Based on the information in our file, on April 23, 2003, Donald Ray Logan revoked the August 17, 2000 power of attorney document. A copy of his revocation was on file with the Mobil Benefits Center. This revocation invalidates the designation of November 22, 2003 completed by Bonnie Schindler as attorney in fact.

Since the November 22, 2003 designation is invalid, the referenced benefits are payable per the prior designation forms on file completed by the decedent. Those prior designations name someone other than you as beneficiary. We therefore cannot justify payment of the referenced benefits to you.

Under ERISA, you have the right to appeal this decision within 60 days after receipt of this letter. To do so, you must submit a written request for appeal to:

> ExxonMobil
> Attn: Administrator-Benefits
> PO Box 2283
> Houston, TX 77252-2283

Please include in your appeal letter the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate to enable Mobil Oil to give your appeal proper consideration. Upon your written request, MetLife will provide you with a copy of the records and/or reports that are relevant to your claim.

MetLife will carefully evaluate all the information and advise you of its decision within 60 days after the receipt of your appeal. If there are special circumstances requiring additional time to complete the review, we may take up to an additional 60 days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, you have the right to bring a civil action under Section 502(a) of ERISA.

If you have any questions or wish to discuss your claim, you may contact us at the toll-free number provided below.

Sincerely,


Team I
Claim Approver
Group Life Claims
(800) 638-6420, ext. 6838


cc: Mobil

tjc

**MetLife**

Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 3016
Utica, NY 13504

April 11, 2005

Mr. Daniel Logan                    Ms. Bonnie Schindler
5641 South I Street                 P.O. Box 187
Tacoma, WA 98408                    Paoli, OK 73074

Mr. Bill Logan                      Mrs. Laura Logan
P.O. Box 315                        P.O. Box 264
Wayne, OK 73095                     Paoli, OK 73074

Re:  **Plan Participant:**     **Donald Logan (decedent)**
     **Plan and No.:**         **Mobil Oil/ 23200**
     **Amount:**               **$84,000 (basic)**

Dear Claimants:

Please accept our condolences for your loss. This is in response to the request for an administrative review of the initial denial of Messrs. Logan and Ms. Schindler's claims. We have re-examined the entire claim file, including any additional material and information provided to us. For the reasons detailed below, we have determined that Messrs. Logan and Ms. Schindler's claims and Mrs. Logan's claim are adverse to one another and raise questions of fact and law that cannot be resolved by MetLife without exposing the plan to the danger of double liability. You will each receive another letter under separate cover addressing the Group Universal Life (GUL) coverage.

As you may know, the basic life insurance plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. ERISA defines beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C.§ 1002(8). MetLife, as claim fiduciary, must administer claims in accordance with applicable law and the documents and instruments governing the plan.

The Summary Plan Description at page 81-82 provides that, "[The plan participant's] life insurance will be paid to the beneficiary [the plan participant] names[s] on his/her beneficiary designation form. [The plan participant] may change his/her beneficiary at any time by completing the proper form and submitting it to the Benefits Service Center."



EXHIBIT

The latest beneficiary designation form on file for the basic plan, dated November 22, 2003, names Daniel Logan for 50%, and Ms. Schindler and Bill Logan each for 25% of the benefits. This designation form was executed by Ms. Schindler as attorney-in-fact under an August 17, 2000, Oklahoma statutory power of attorney instrument. The prior beneficiary designation on file, dated January 1, 1987, names Laura Logan as the sole beneficiary.

By letter dated April 27, 2003, the decedent advised the Mobil Oil Benefits Center that he was revoking his August 17, 2000, Power of Attorney instrument. This letter also stated that his attorney-in-fact requested certain changes to his benefits that were "not in keeping with my personal wishes." Specifically, the decedent documented that "there is some question/possibility that changes may have been requested or made in the beneficiary of my life insurance benefits which are not in keeping with my stated plans and wishes[.] I would like to clarify my wishes and intent regarding the designated beneficiary of my life insurance benefits at this time. In the event of my death, my wife, Laura Mae Logan[,] . . . is to be the designated sole primary beneficiary of any and all benefits paid. . . . All of this is in keeping with my previously stated wishes." This letter was signed and notarized.

The power of attorney instrument specifically provides that the plan participant may "revoke this Power of Attorney if [he] later wish[es] to do so." It also granted Ms. Schindler the authority to change the decedent's beneficiary. The power of attorney instrument, however, neither provides Ms. Schindler with, nor restricts her authority to designate herself.

Oklahoma law provides the following:

> In a statutory power of attorney, the language granting power with respect to insurance and annuity transactions empowers the agent to:
>
>                    . . . .
>
> 4. Designate the beneficiary of the contract, but an agent may be named a beneficiary of the contract . . . only to the extent the agent was named as a beneficiary under a contract procured by the principal before executing the power of attorney.

Okla. Stat. Ann. 15, § 1012 (2004). ERISA generally preempts state laws that purport to determine the beneficiary of ERISA-regulated benefits. ERISA, 29 U.S.C. § 1144(a); *Egelhoff v. Egelhoff,* 532 U.S. 141, 121 S. Ct. 1322 (2001). As a matter of federal common law, a person exercising a power of attorney must act in strict compliance with what was authorized in the document. *See Clouse v. Philadelphia, Bethlehem & New England RR,* 787 F. Supp. 93 (E.D. Pa. 1992); *Pension Committee Heilman-Baltimore Local 1010 IBT Pension Plan v. Bullinger,* 1992 WL 333653, 1992 U.S. Dist. Lexis 17325 (U.S. Dist. Md.1992). Nevertheless, the Tenth Circuit, which includes Oklahoma, has not ruled on whether the Oklahoma statute is preempted by ERISA. It is therefore unclear whether the Oklahoma statute is preempted by ERISA, and if it is whether Ms. Schindler had the power to designate herself under federal common law.

Additionally, Messrs. Logan and Ms. Schindler questioned the validity of the power of attorney revocation, alleging that the decedent was not mentally competent on that date, and therefore the revocation was ineffective. They also questioned whether the revocation was effective because the decedent did not notify the attorney-in-fact.

MetLife cannot determine whether a court would find that the decedent's revocation of the power of attorney instrument was effective. If a court were to find that the revocation was effective, then the 2003 beneficiary designation form executed by Ms. Schindler, as attorney-in-fact, would be invalid, and the benefits would be payable to Mrs. Logan, per the prior beneficiary designation on file. On the other hand, if a court were to find that the decedent's revocation was ineffective and that the 2003 beneficiary designation form executed by Ms. Schindler as attorney-in-fact was effective, then 75% of the benefit would be payable to Messrs. Logan. A question would remain whether Ms. Schindler had the power to designate herself for 25% of the benefits.

If a court were to find that ERISA does not preempt the Oklahoma statute, then because Ms. Schindler was not previously named a beneficiary, she did not have the authority to designate herself for any amount of the benefits and the benefits would be payable to Daniel Logan for 50% and Bill Logan for 25%. Ms. Schindler's 25% share would be payable in accordance with the court's determination.[1] On the other hand, if a court were to find that ERISA preempts the Oklahoma statute and that under federal common law Ms. Schindler did not have the authority to name herself, then the result would be the same as under Oklahoma law. Conversely, if a court were to find that ERISA preempts the Oklahoma statute and that under federal common law Ms. Schindler had the authority to name herself, then the benefits would be payable pursuant to the 2003 designation.

Because this matter raises questions of fact and law that cannot be resolved by MetLife without exposing the plan to the danger of double liability as to all or part of the benefits, MetLife is required by law to initiate what is called an interpleader action to permit a court to decide between these claims. Before doing so, however, MetLife will give you the opportunity to try to resolve the matter in order to preserve the benefits from litigation costs and fees. Please inform this office in writing within thirty days of the date of this letter whether you believe you can reach a compromise of your claims. If you cannot reach an agreement, or you do not timely contact this office in writing, you will be notified of the lawsuit in due course. If you can reach an agreement, you may submit a duly-executed settlement agreement setting forth the details of your compromise regarding the referenced benefits sufficient to permit MetLife to draw the checks correctly, and also releasing any and all claims against MetLife, Mobil Oil Corporation, and the Life Insurance Plans of Mobil Oil Corporation. If these documents are acceptable to MetLife, the proceeds will be paid in accordance with your compromise. If they are not, we may ask you to sign an additional release.

---

[1] It is unclear whether Ms. Schindler's 25% share would be split equally between Messrs. Logan or would be split on a pro-rata basis.

If you have any questions, you may contact us at (800) 638-6420, ext 6838.

Sincerely,


Group Life Claims Operations
Team I

tjc